# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4309 | **DATE** | October 13, 2010 |
| **CASE TITLE** | Swanson vs. The Hammond Police Department et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion (Doc [12]) to dismiss the matter pursuant to Rule 12(b)(2) is granted without prejudice. Defendants' motion (Doc [12]) to dismiss pursuant to Rule 12(b)(3) is moot.

■[ For further details see text below.]  Docketing to mail notices.

## ORDER

This matter comes before the court on the motion of Defendants Officer Dan Sangkaratana ("Sangkaratana"), Officer Boyzie Coulter ("Coulter"), and the Hammond Police Department ("HPD") to dismiss Plaintiff Gloria Swanson's ("Swanson") complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for lack of proper venue pursuant to Fed. R. Civ. P. 12(b)(3). For the reasons set forth below, the motion to dismiss for lack of personal jurisdiction is granted.

According to the allegations of the complaint which we must accept as true for purposes of this motion, *Nelson by Carson v. Park Industries, Inc.,* 717 F.2d 1120, 1123 (7th Cir. 1983), Swanson is a resident of Chicago, Illinois. On the evening of July 12, 2008, Swanson walked into the Horseshoe Hammond Casino, located in Hammond, Indiana. A few moments later, HPD Officers Sangkaratana and Coulter arrested Swanson for criminal trespass. Swanson was handcuffed, placed in a squad car, and transported to a nearby police station in Hammond. On the way to the police station, Swanson suffered from a severe headache due to her high blood pressure, and repeatedly asked Officers Sangkaratana and Coulter for medical attention. The Officers did not respond to her request. Once they arrived at the police station, Sangkaratana and an unidentified female officer conducted a physical search, which caused Swanson humiliation and mental anguish. According to Swanson, her physical condition was further aggravated when she was placed in a very cold jail cell and her continuous requests for medical care due to her high blood pressure were ignored. Three hours after being placed in the cell, Swanson was released on bail.

On July 12, 2010, Swanson filed suit in federal court against the HPD and Officers Sangkaratana and Coulter. Swanson alleged that Defendants violated her Fourth Amendment right to be free from unreasonable seizure and also violated her civil rights in preventing her from receiving medical treatment. Defendants now move to dismiss the complaint for lack of personal jurisdiction and lack of proper venue.

To withstand a 12(b)(2) motion, a plaintiff must make a prima facie showing that this court has personal jurisdiction over the defendant. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). In analyzing personal jurisdiction, we consider all facts in the complaint as true unless refuted by the defendant in an affidavit. *Nelson by Carson*, at 1123. A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have such jurisdiction. *RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997).

The Illinois "long-arm" statute, 735 ILCS 5/2-209(c) (2010), permits Illinois courts to exercise personal jurisdiction over a defendant on any basis allowed under the due process clauses of the United States and Illinois Constitutions. *Cent. States, Southeastern & Southwestern Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). While the two constitutions do not necessarily contain the same guarantees of due process, *Rollins v. Ellwood*, 565 N.E.2d 1302 (Ill. 1990), the Seventh Circuit has repeatedly suggested that "no case has yet emerged where due process was satisfied under the federal constitution but not under the Illinois constitution." *Citadel Group, Ltd., v. Wash. Reg. Medical Center*, 536 F.3d 757, 761 (7th Cir. 2008).

To exercise personal jurisdiction over a defendant under the Due Process clause of the U.S. Constitution, the defendant must have "purposefully established minimum contacts within the forum state," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985), "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1946). The proper formulation of the minimum contacts standard depends on whether the state asserts general or specific jurisdiction. *RAR*, at 1277. General jurisdiction attaches where the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific jurisdiction may be exercised over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Id.* at 414. In specific jurisdiction cases the plaintiff must demonstrate that the defendant "should reasonably anticipate being haled into court [in the forum State]," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), because the defendant has "purposefully availed itself of the privilege of conducting activities" there. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Swanson has not alleged or submitted any evidence showing that the Defendants have established contacts with Illinois that would sustain the exercise of jurisdiction. In her complaint, Swanson alleges that she was arrested in Hammond, Indiana. She was then transported and held in custody in the same city. All the events that give rise to Swanson's injury took place in the state of Indiana. In short, Swanson has failed to make any prima facie showing that the Defendants possessed any substantial connection to the forum state. The court concludes that Swanson has failed to satisfy her burden of establishing personal jurisdiction over the Defendants.

For the abovementioned reasons, Defendants' motion to dismiss the matter pursuant to Rule 12(b)(2) is granted without prejudice. Defendants' motion to dismiss pursuant to Rule 12(b)(3) is moot.

**Dated:   October 13, 2010**

**CHARLES P. KOCORAS**
**U.S. District Court Judge**